# MEMO ENDORSED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, :
 :
               **Plaintiff,** :
 :
        - against - :
 :
TOURO COLLEGE, :
 :
              **Defendant.** :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

07-CV-7760 (DC) (FM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/29/08_

## STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION

The parties stipulate to entry of the following Protective Order pursuant to Fed. R. Civ. P. Rule 26 (c):

### Categories of Protected Information

1.    The following categories of information produced by a party in discovery will be designated and treated as "Confidential" in this litigation:

        a.    social security numbers, financial account numbers, credit card numbers, mother's maiden name, passwords, driver's license numbers or state identification numbers, dates of birth;

        b.    home address and telephone number;

        c.    names of minor children;

        d.    medical, health care, and mental health records and information.

2.    A party producing documents in discovery or otherwise providing discovery that contains information described in paragraph 1 above that the party believes, in good faith, should be treated as confidential in this litigation, may designate information contained within the discovery as "Confidential" as follows:

        a.    a party producing documents or other tangible items in discovery that contain confidential information described in paragraph 1 may designate such information as confidential by placing a legend stating "Confidential" on the document;

        b.    a party wishing to designate a portion of any deposition testimony, including the transcript or recording of such testimony, as "Confidential" may do so by so stating on the record or by sending a letter to counsel of record within ten days after the transcript is delivered to the party. The

party must simultaneously specify what information is deemed "Confidential" and set forth one or more of the bases enumerated in paragraph 1 for the "Confidential" designation;

c.    only the specific information identified as "Confidential" will be deemed confidential.

3.    Information that has been designated as "Confidential" under paragraph 1 must be treated as confidential by the parties and used only for the purposes of this litigation.

4.    Information designated as "Confidential" under paragraph 1 may only be disclosed by the parties receiving such information to:

a.    attorneys for the parties and those attorneys' legal, paralegal, secretarial, intern and clerical staff;

b.    the parties, including officers or managers of a party who have a need to know the information for purposes of this litigation;

c.    expert (testifying and consulting) witnesses who have a need to know the information for purposes of this litigation;

d.    the Court (including the Clerk's office, stenographic reporters and videographers engaged in such proceedings as are necessary).

4.    All persons to whom confidential material is disclosed pursuant to this Order will be bound by this Order. It will be the responsibility of counsel for each party to this action to ensure that persons authorized to receive confidential material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

## Dispute of Confidential Designation

5.    At any time, the party receiving any information designated "Confidential" pursuant to paragraphs 1 and 2 above may, acting in good faith, notify the other party in writing that it disputes the designation of information or of a document as "Confidential." The parties will make good-faith efforts to resolve any such dispute. The information or document will retain its status as "Confidential" for ten business days after receipt of the written notice of dispute, to permit the party seeking confidential status to bring a Motion for Protective Order or other appropriate Motion. On any such Motion, the party seeking that any document be designated "Confidential" will have the burden of establishing the confidentiality of such document(s) under applicable law.

**Miscellaneous Provisions**

6.    Any information filed with the Court that has been designated "Confidential" shall be filed pursuant to and consistent with Fed. R. Civ. P. 5.2 as well as the Court's local and individual rules and procedures governing the filing of private and confidential information.

7.    Nothing in this Order is a waiver of any other discovery or evidentiary objection.

8.    A party who has designated information as "Confidential" pursuant to this Order may not use that designation as a ground or reason for refusing to produce any information or documents in any other matter, including civil or criminal litigation, arbitration, administrative proceedings, or government investigation, regardless of whether such information or documents are sought pursuant to a discovery request, subpoena, request for information or otherwise.

9.    EEOC may use any information designated "Confidential" in furtherance of its enforcement activities in any other matter in which the party designating such information as "Confidential" has been named as a party, but must treat such information as confidential pursuant to the terms of this Order until such time as the "Confidential" designation expires (see Paragraph 11 below) or is withdrawn either by agreement of the parties or by court order.

10.    This Order shall be subject to modification at any time by written agreement of all of the parties to this lawsuit or upon Order of the Court. Any party may seek an Order to modify or vacate this Order.

11.    The parties agree to be bound by the terms of this Order upon their execution thereof and prior to the endorsement by the Court in this action.

12.    This Order expires at the conclusion of discovery in this matter.

13.    Within sixty (60) days after termination of this litigation, including the expiration of all appeal rights, all originals and copies of the parties' information designated "Confidential" must be destroyed by the party that received it.


STIPULATED TO:

FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _Michelle A. Caiola_
Michelle A. Caiola (MC 2110)
Senior Trial Attorney
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th floor

New York, New York 10004
(212) 336-3702

Dated: _2/13/08_____

FOR DEFENDANT
TOURO COLLEGE

By: _____
Paul F. Millus (PM 8240)
Snitow Kanfer Holtzer & Millus, LLP
575 Lexington Avenue
New York, New York 10022
(212) 317-8500

Dated: _2/12/08___

FOR PROPOSED PLAINTIFF
INTERVENOR

By: _____
Parisis G. Filippatos
Filippatos PLLC
60 East 42nd St., 47th Floor
New York, New York 10165
(212) 682-2400

Dated: _2/11/08___

SO ORDERED:                                    DATE:

_____                        _2/29/08_
Hon. Denny Chin, U.S.D.J.

4