UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                            :
EQUAL EMPLOYMENT                            :    07-CV-7760 (DC) (FM)
OPPORTUNITY COMMISSION,                     :    ECF Case

                         Plaintiff,         :

          - against -                       :    **ANSWER OF TOURO**
                                                 **TO COMPLAINT OF**
                                            :    **PLAINTIFF-INTERVENOR**

TOURO COLLEGE,                              :

                         Defendant.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

IRENA NACO,                                 :

                  Plaintiff-Intervenor,     :

          - against -                       :

                                            :

TOURO COLLEGE and                           :
STANLEY KANTOR,

                         Defendants.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant Touro College ("Touro"), by and through its attorneys, Snitow

Kanfer Holtzer & Millus, LLP, as and for its Answer to the Complaint of Plaintiff-Intervenor

Irena Naco in this action, dated February 22, 2008 (the "Complaint"), alleges as follows:

## NATURE OF ACTION

      1.      Denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph "1" of the Complaint, except admit

that plaintiff purports to bring this action under certain statutes alleged therein.

      2.      Denies the truth of the allegations contained in paragraph "2" of the

Complaint.

3.      Denies the truth of the allegations contained in paragraph "3" of the Complaint.

4.      Denies the truth of the allegations contained in paragraph "4" of the Complaint..

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint except aver that paragraph 4 lists the relief sought by plaintiff.

## PARTIES, ADMINISTRATIVE PRE-REQUISITES, AND VENUE

6.      Admits the allegations contained in paragraph "6" of the Complaint.

7.      Admits the allegations contained in paragraph "7" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint

9.      Admits the allegations contained in paragraph "9" of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11,     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

## JURISDICTION

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint, except admit that plaintiff purports to predicate subject matter jurisdiction over plaintiff's federal claims pursuant to certain statutory sections alleged therein.

2

13.    Admit the allegations contained in paragraph "13" of the Complaint.

14.    Denies the allegations contained in paragraph "14" of the Complaint except admits that the EEOC issued a Determination and respectfully refers the Court to that Determination for the  for the true content and meaning thereof.

15.    Denies the allegations contained in paragraph "15" of the Complaint except admits that the EEOC issued a Notice of Failure of Conciliation and the EEOC commenced this instant action and respectfully refers the Court to that Notice and this Complaint for the  for the true content and meaning thereof.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Complaint, except admit that plaintiff purports to set forth the basis for this intervenor action pursuant to certain statutory sections alleged therein.

## FACTS

17.    Admits the allegations contained in paragraph "17" of the Complaint.

18.    Denies the allegations contained in paragraph "18" of the Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21.    Denies the allegations contained in paragraph "21" of the Complaint.

22.    Denies the allegations contained in paragraph "22" of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint, except admit that Ms. Naco did meet with Ms. Kahan.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint except admit Ms. Naco delivered a written complaint to Touro employee(s).

42.    Denies knowledge or information sufficient to from a belief as to the truth of the allegations contained in paragraph "42" of the Complaint except admit that Ms. Naco met with Akiva Kobre and Rosie Kahan.

43.    Denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "43" of the Complaint except admit Ms. Naco
was terminated.

    44. Denies knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph "44" of the Complaint.

    45. Denies the allegations contained in paragraph "45" of the Complaint.

    46. Denies the allegations contained in paragraph "46" of the Complaint.

    47. Denies knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph "47" of the Complaint.

    48. Denies the allegations contained in paragraph "48" of the Complaint.

    49. Denies knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph "47" of the Complaint.

## COUNT I

### Title VII
**(as against Defendant Touro College only)**

    50. Defendant Touro repeats and realleges each and every admission,
denial and averment contained in paragraphs 1 through 49 as if fully set forth herein.

    51. Denies the allegations contained in paragraph "51" of the Complaint.

    52. Denies the allegations contained in paragraph "52" of the Complaint.

    53. Denies the allegations contained in paragraph "53" of the Complaint.

## COUNT II

### NYSHRL
**(as against all Defendants)**

54.  Defendant Touro repeats and realleges each and every admission, denial and averment contained in paragraphs 1 through 53 as if fully set forth herein.

55.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Complaint.

56.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Complaint.

57.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Complaint.

58.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Complaint.

## COUNT III

### NYSHRL
**(as against all Defendants)**

59.  Defendant Touro repeats and realleges each and every admission, denial and averment contained in paragraphs 1 through 58 as if fully set forth herein.

60.  Denies the allegations contained in paragraph "60" of the Complaint.

61.  Denies the allegations contained in paragraph "61" of the Complaint.

62.  Denies the allegations contained in paragraph "62" of the Complaint.

63.  Denies the allegations contained in paragraph "63" of the Complaint.

64.  Denies the allegations contained in paragraph "64" of the Complaint.

7

## FIRST AFFIRMATIVE DEFENSE

65.    The Complaint fails to state any claim against defendant Touro
College upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

66.    If plaintiff sustained the damages as alleged in the complaint, such
damages were sustained solely through and by virtue of plaintiff's own culpable conduct.

## THIRD  AFFIRMATIVE DEFENSE

67.    Plaintiff is estopped by her own conduct from asserting claims against
Touro College, in particular, plaintiff ailed to avail herself of Touro's College's anti-
discrimination policy contained in Touro's employment handbook.

## FOURTH  AFFIRMATIVE DEFENSE

68.    Plaintiff is barred form any claim for back pay and/or front pay in the
event she has failed to mitigate her damages

## FIFTH  AFFIRMATIVE DEFENSE

69.    Touro College addressed plaintiff's complaints in a reasonable
manner when such complaints were brought to Touro's attention.

WHEREFORE, Defendant Touro College demands judgment against
Plaintiff-Intervenor Irena Naco dismissing the Complaint in its entirety and for such other
and further relief as the Court may deem just and proper, including but not limited to the
cost and disbursements incurred in this action and reasonable attorneys' fees.

Dated: New York, New York
       March 19, 2008

                                SNITOW KANFER HOLTZER
                                    & MILLUS, LLP

By: _____

           Paul F. Millus  (PM-8240)
           575 Lexington Avenue
           New York, New York 10022-6102
           (212) 317-8500
           *Attorneys for Defendant*
           *Touro College*

TO:     Parisis G. Filippatos, Esq.
        FILIPPATOS PLLC
        60 East 42nd Street, 46th Floor
        New York, New York 10165
        (212) 682-2400
        *Attorneys for Plaintiff-Intervenor*

        Michelle A. Caiola, Esq.
        Senior Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
        New York District Office
        33 Whitehall Street, 5th Floor
        New York, New York 10004
        (212) 336-3702
        *Attorneys for Plaintiff EEOC*

M:\CLIENT\20\84\Answer.wpd

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF NEW YORK  )

        LUIS LOPES, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Monroe County, Commonwealth of Pennsylvania; that on March 18, 2008 deponent served the within Answer by placing a true copy thereof in a post-paid wrapper and depositing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to the following counsel of record:

                      Parisis G. Filippatos, Esq.
                      FILIPPATOS PLLC
                      60 East 42nd Street, 46th Floor
                      New York, New York 10165

                      Michelle A. Caiola, Esq.
                      Senior Trial Attorney
                      EQUAL EMPLOYMENT
                        OPPORTUNITY COMMISSION
                      New York District Office
                      33 Whitehall Street, 5th Floor
                      New York, New York 10004

                                            LUIS LOPES

Sworn to before me this
15 day of March, 2008

_____
Notary Public

                  PAUL FELIX MILLUS
             Notary Public, State of New York
                  No. 02MI6090977
                 Qualified in Nassau County
            Commission Expires 04/21/2007

M:\CLIENT\20\84\Answer.wpd