UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY       :
COMMISSION,                        :
                                   :
            Plaintiff              :
                                   :   07-CV-7760 (DC)(FM)
      -against-                    :   ECF Case
                                   :
                                   :
TOURO COLLEGE,                     :
                                   :
            Defendant.             :
------------------------------------------------------------X
IRENA NACO,                        :
                                   :
            Plaintiff-Intervenor,  :   **ANSWER OF STANLEY**
                                   :   **L. KANTOR TO COMPLAINT**
      -against-                    :   **OF PLAINTIFF-INTERVENOR**
                                   :
TOURO COLLEGE and                  :
STANLEY L. KANTOR,                 :
                                   :
            Defendants.            :
------------------------------------------------------------X

Defendant Stanley L. Kantor ("Kantor"), by his attorneys, Thelen Reid Brown Raysman & Steiner LLP, for his Answer to the Complaint of Plaintiff-Intervenor Irena Naco dated February 22, 2008 (the "Complaint"), alleges as follows:

### NATURE OF ACTION

1.   Admits that the Complaint asserts that it is based on the listed statutes and otherwise denies the allegations of Paragraph 1 of the Complaint.

2.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3.   Denies the allegations of Paragraph 3 of the Complaint.

4. Denies the allegations of Paragraph 4 to the extent they refer to defendant Kantor and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5. Avers that Paragraph 5 of the Complaint does not make a factual allegation that Kantor is required to admit or deny, and to the extent that paragraph 5 might be construed to set forth any factual allegations, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and avers that plaintiff Naco seeks damages and injunctive relief in the Complaint.

## PARTIES, ADMINISTRATIVE PRE-REQUISITES, AND VENUE

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint except admits on information and belief that defendant Touro College is an educational institution that has had offices in the State and County of New York at certain times.

7. Denies the allegations of Paragraph 7 of the Complaint except admits that Kantor was employed by Touro College between 1999 and 2005 and that Kantor supervised Naco for some part of Naco's employment at Touro College.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, except admits that venue is proper in the Southern District of New York.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

## JURISDICTION

12. Admits that plaintiff asserts subject matter jurisdiction under 28 U.S.C. § 1331 and 1343 and supplemental subject matter jurisdiction under 28 U.S.C. § 1367 as alleged in Paragraph 12 of the Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, except admits that the Complaint filed by the EEOC in this action was filed on August 31, 2007.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint except admits that Naco has filed the Complaint as a Plaintiff–Intervenor and asserts that she is proceeding as alleged in Paragraph 16 of the Complaint.

## FACTS

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

18. Denies the allegations of Paragraph 18 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the

Complaint that Naco "earned high marks" from her colleagues except denies that she "earned high marks" from defendant Kantor.

19. Denies the allegations of Paragraph 19 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of Paragraph 19 of the Complaint and does not respond to footnote 1 as no response is required.

20. Denies the allegations of Paragraph 20 of the Complaint.

21. Denies the allegations of Paragraph 21 of the Complaint.

22. Denies the allegations of Paragraph 22 of the Complaint.

23. Denies the allegations of Paragraph 23 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of others.

24. Denies the allegations of Paragraph 24 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations of what Ms. Naco believed.

25. Denies the allegations of Paragraph 25 of the Complaint, except admits that at some time Kantor assigned Naco a project relating to internet advertising.

26. Denies the allegations of Paragraph 26 of the Complaint.

27. Denies the allegations of Paragraph 27 of the Complaint except admits that at some time Kantor accidentally spilled coffee on his shirt and Naco cleaned the stain after he removed his shirt.

28. Denies the allegations of Paragraph 28 of the Complaint except admits that Kantor would occasionally ask Naco to get him coffee or pick up a sandwich for him when she was going for coffee or a sandwich.

29. Denies the allegations of Paragraph 29 of the Complaint.

30. Denies the allegations of Paragraph 30 of the Complaint.

31. Denies the allegations of Paragraph 31 of the Complaint except admits that from time to time he signed memoranda in connection with a scholarship for Naco.

32. Denies the allegations of Paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint.

36. Denies the allegations of Paragraph 36 of the Complaint.

37. Denies the allegations of the first, second and third sentences of Paragraph 37 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint.

39. Denies the allegations of Paragraph 39 of the Complaint except admits that in or about May 2005 Kantor and Naco discussed the end of her employment in her then current position.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint, except admits that Kantor and Naco had a

conversation in which she indicated she would not resign, that there was discussion of a last day of employment in her current position as on or about June 16, 2006 and at some point Kantor prepared a memorandum setting forth issues with her work performance.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint, except denies that Kantor withheld from Naco her diploma.

45. Denies the allegations of Paragraph 45 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as to what Ms. Naco or others at Touro College did or did not do.

46. Denies the allegations of Paragraph 46 of the Complaint.

47. Denies the allegations of Paragraph 47 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Touro College.

48. Denies the allegations of Paragraph 48 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Touro College.

49. Denies the allegations of Paragraph 49 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Touro College.

## COUNT I

### Title VII
### (as against Defendant Touro College only)

50.     Repeats and realleges the responses contained in Paragraphs 1-49 of this Answer as though more fully set forth herein.

51.     Denies the allegations of Paragraph 51 of the Complaint to the extent that the allegations of Paragraph 51 refer to Kantor, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51.

52.     Denies the allegations of Paragraph 52 of the Complaint to the extent that the allegations of Paragraph 52 refer to Kantor, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53.     Denies the allegations of Paragraph 53 of the Complaint to the extent that the allegations of Paragraph 53 refer to Kantor, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

## COUNT II

### NYSHRL
### (as against all Defendants)

54.     Repeats and realleges the responses contained in Paragraphs 1-53 of this Answer as though more fully set forth herein.

55.     Denies the allegations of Paragraph 55 of the Complaint insofar as they relate to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Touro College.

56.     Denies the allegations of Paragraph 56 of the Complaint.

57. Denies the allegations of Paragraph 57 of the Complaint insofar as they relate to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Touro College.

58. Denies the allegations of Paragraph 58 of the Complaint.

## COUNT III

## NYCHRL
**(as against all Defendants)**

59. Repeats and realleges the responses contained in Paragraphs 1-58 of this Answer as though more fully set forth herein.

60. Denies the allegations of Paragraph 60 of the Complaint insofar as they relate to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Touro College.

61. Denies the allegations of Paragraph 61 of the Complaint.

62. Denies the allegations of Paragraph 62 of the Complaint insofar as they relate to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Touro College.

63. Denies the allegations of Paragraph 63 of the Complaint.

64. Denies the allegations of Paragraph 64 of the Complaint.

65. To the extent the subparagraphs(a) – (j) following the WHEREFORE clause on page 15 of the Complaint are deemed to assert any allegations of fact, denies any such allegations and denies that plaintiff is entitled to any relief as to defendant Kantor.

## DEFENSES AND AFFIRMATIVE DEFENSES

## FIRST DEFENSE

66. The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

67. All decisions, if any, made by Kantor with respect to Naco, and any and all actions taken by Kantor with respect to Naco, if any, were made for valid, legitimate, non-discriminatory reasons, and in good faith in compliance with all applicable laws.

## THIRD DEFENSE

68. Naco did not suffer any damages attributable to any action of Kantor.

## FOURTH DEFENSE

69. All actions taken by Kantor with respect to Naco were reasonable and lawful under the New York City Administrative Code §8-101 *et seq.*, and any other applicable law.

## FIFTH DEFENSE

70. Naco has failed to mitigate her damages, any entitlement to which is expressly denied.

## SIXTH DEFENSE

71. Naco was and remained an at-will employee at all times while employed by Defendant.

## SEVENTH DEFENSE

72. Naco's claims are barred by the doctrines of laches, waiver and estoppel.

## EIGHTH DEFENSE

73. Naco's claims are barred, in whole or in part, by one or more statutes of limitations.

## NINTH DEFENSE

74. Naco is not entitled to punitive damages because Kantor has not engaged in discriminatory practices or actions with malice or reckless disregard for Naco's rights.

## TENTH DEFENSE

75. Naco failed to exhaust all necessary remedies, procedures, and time limits prior to filing this action.

## ELEVENTH DEFENSE

76. Plaintiff's claims asserted under the New York City Human Rights Law, including her prayer for punitive damages, are barred by virtue of Naco's failure to comply with section 8-502 of the New York City Administrative Code.

## TWELFTH DEFENSE

77. Any injuries sustained by Naco were caused, in whole or in part, by culpable conduct and/or negligence attributable to Plaintiff.

**WHEREFORE,** Defendant Stanley Kantor respectfully requests this Court to enter a Judgment: (a) denying each and every prayer for relief contained in the Complaint; (b) dismissing the Complaint in its entirety with prejudice; (c) awarding him costs and expenses incurred herein; and (c) granting such other relief as to the Court seems just and proper.

Dated:   May 9, 2008
         New York, New York

                                        Respectfully,

                                        THELEN REID BROWN
                                          RAYSMAN & STEINER, LLP

                                        By: _____
                                            Edward Copeland
                                            Akiva M. Cohen
                                        Attorneys for Defendant Stanley L. Kantor
                                        875 Third Avenue
                                        New York, New York 10022
                                        (212) 603-2000

NY #1708637 v1