# RAAB, STURM, GOLDMAN & GANCHROW, LLP

COUNSELORS AT LAW

317 MADISON AVENUE, SUITE 1708

NEW YORK, N.Y. 10017

RONALD RAAB*　　　　　　　　　　(212) 683-6699　　　　　　　　　MAURA E. BREEN°°
IRA A. STURM**　　　　　　　　　　FAX (212) 779-8596　　　　　　　MICHAEL GEFFNER
RONALD A. GOLDMAN　　　　　　　　　　　　　　　　　　　　　　　NANCY STRASFELD°
ARI D. GANCHROW*

** ADMITTED NY AND FLA
*ADMITTED IN NY AND NJ
**ADMITTED IN NY AND CT

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/08
```

May 2, 2008

The Honorable Denny Chin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

```
RECEIVED
MAY 06 2008
JUDGE CHIN'S CHAMBERS
```

Re:　EEOC and Irena Naco
　　　　v.
　　　Touro College
　　　S.D.N.Y. Docket No. 07-CV-7760 (DC)(FM)

Dear Judge Chin,

　　　Please accept this letter to the Court, pursuant to Local Civil Rule 37.2, and Your Honor's Individual Practice Rule 2.A, for the purpose of requesting an informal conference with the Court concerning a non-party subpoena served upon my client in connection with the above captioned matter. This request had previously been sent to Magistrate Maas under the assumption that discovery matters had been delegated to the Magistrate. I have been advised by Magistrate Maas' clerk that there has not been an assignment. I therefore respectfully make this request to you.

　　　I am the attorney for non-party Irene Cimato, an individual who has been served with a discovery subpoena in the above captioned matter. (A copy of the subpoena is submitted as Exhibit "A".) The above matter involves an action brought by EEOC against Touro College, wherein Touro College is alleged to have engaged in sexual harassment and/or discrimination against Irena Naco. It is my understanding that the claims include allegations of a discriminatory termination of Ms. Naco's employment by Touro College. The person who is alleged as having committed the violations is Stanley Kantor, a former professor at the college. In the matter before you, Ms. Naco, has separately brought New York State and City claims of discrimination that are similar to those alleged by the EEOC.

　　　Ms. Cimato, succeeded to Ms. Naco's position at Touro College. Ms. Cimato was also

terminated from her position and has sued both Touro College and Mr. Kantor for violations of the New York State and City laws for discrimination. Ms. Cimato's case is pending in New York County Supreme Court.

Counsel for all parties in the Cimato matter have signed a confidentiality agreement relating to the disclosure of information that is produced during the course of discovery. (Enclosed as Exhibit "B" please find a copy of the Order. A fully executed copy was so-ordered by the State Court Justice.)

Upon receipt of the Federal subpoena, I asked the adversaries in the Cimato matter to address Ms. Cimato's compliance with the subpoena. (Enclosed as Exhibit "C" are copies of correspondence that has passed among the parties regarding compliance.) As Ms. Cimato is fully willing to comply, and as Ms. Cimato does not wish to violate any obligations under the confidentiality order, it is requested that Your Honor rule upon compliance, so that Ms. Cimato not be placed in a position where it can be claimed that she somehow violated the confidentiality agreement so-ordered by the state court justice.

Respectfully submitted,

Ira A. Sturm (IS-2042)

Thelen Reid Brown
Raysman & Steiner
*Counsel for Defendant Stanley Kantor*
875 Third Ave.
New York, New York 10022
Attn: Edward Copeland, Esq.

Snitow Kanfer Holtzer & Millus, LLP
575 Lexington Ave.
*Counsel for Defendant Touro College*
New York, New York 10022
Attn: Paul Millus, Esq.

Filippatos PLLC
60 East 42nd Street
New York, New York 10165
Attention: Parisi G. Filippatos, Esq.

U.S. Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor
New York, New York 1004
Attention: Michelle Anne Caiala

The Court is inclined to issue an order directing Ms. Cimato to comply with the subpoena, and providing that such compliance would not violate her obligations under the confidentiality order. Any party objecting to this proposed order shall state its/her objection in writing by 5/16/08.

SO ORDERED.

USDJ
5/9/09